Filed 10/14/25  P. v. Collins CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>JOY FRANCES COLLINS,<br><br>    Defendant and Appellant. | F087387<br><br>(Super. Ct. No. F18908768)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Heather Mardel Jones, Judge.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ivan P. Marrs and Jennifer M. Poe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

Defendant Joy Frances Collins was convicted by jury in October 2023 of two counts of child abuse under Penal Code section 273a, subdivision (a),[1] and the jury found true an enhancement allegation on one count for causing the death of defendant's daughter (§ 12022.95).[2] Defendant was sentenced to an aggregate term of six years determinate. On appeal, she seeks remand so that the trial court may reconsider her request for pretrial diversion under the 2023 amendments to section 1001.36.

We affirm. For reasons we will explain, the 2023 amendments to section 1001.36 became effective on January 1, 2023, approximately nine months before defendant's trial began on September 26, 2023. The potential for retroactive application of the 2023 amendments was well understood during that time frame and was amply supported in the substantive law. Defendant failed to present the issue to the trial court between January 2023 and September 2023, and, as such, the claim has been forfeited.

**FACTUAL BACKGROUND**

On December 18, 2018, defendant and her two young children were walking to a bus stop when they encountered a passing train blocking their path. Defendant urged her children to cross while the train was briefly stopped on the tracks in front of them.

---

**1**     Undesignated statutory references are to the Penal Code.

**2**     Section 12022.95 provides as follows, in relevant part: "Any person convicted of a violation of Section 273a, who under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or injury that results in death, or having the care or custody of any child, under circumstances likely to produce great bodily harm or death, willfully causes or permits that child to be injured or harmed, and that injury or harm results in death, shall receive a four-year enhancement for each violation, in addition to the sentence provided for that conviction.…"

2.

Defendant's son successfully crossed, but her daughter became stuck while trying to cross; the train began to move and crushed defendant's daughter, killing her.[3]

Defendant was charged with two counts of willful harm or injury to a child (counts 1 & 2; § 273a, subd. (a)) and an enhancement was alleged on the first count for causing her daughter's death (§ 12022.95). On June 6, 2019, through counsel, defendant filed a petition for pretrial mental health diversion pursuant to sections 1001.35 and 1001.36. Attached to the petition were health records from May 2013 showing defendant had been diagnosed with posttraumatic stress disorder (PTSD) and referred to a therapist for evaluation and treatment.

Also attached was a psychological evaluation completed in 2019 by Richard Blak, Ph.D., who opined defendant suffers from major depression; generalized anxiety disorder; and PTSD. According to Dr. Blak, defendant has ongoing mental confusion that impairs her judgment. He opined that there is a nexus between her severe mental disorder and the commission of the offenses for which she was charged.

In July 2019, the People filed a brief in opposition to defendant's petition, arguing she had not established she suffers from a qualifying mental health disorder or that it was a significant factor in the commission of the charged offense. In November 2019, the trial court found a prima facie case for diversion had been made, but a more extensive hearing was needed for suitability. In February 2020, defendant filed a supplemental declaration of her counsel in support of the petition, describing her mental health treatment since December 2019. In August 2020, the court ordered a mental health evaluation of defendant for purposes of mental health diversion.[4]

---

[3]     Most of the background facts are not relevant to the issue raised on appeal, and so we dispense with a more detailed account of the trial testimony.

[4]     No evaluation resulting from this order appears in the record on appeal.

A hearing on the petition was held on October 10, 2020.  The court explained its ruling as follows on defendant's mental health diversion request:  "This Court feels as though even though there is a mental health disorder that is involved in this case, that that was not the motivating or it didn't play a substantial [f]actor in the commission of the offense."

Trial began on September 26, 2023, and, on October 9, 2023, a jury convicted defendant of both offenses and the enhancement on count 1.  An amended information alleged aggravating sentencing factors as to both counts (Cal. Rules of Court, rule 4.421(a)(3), & (11)).  As to count 2, the jury found the sentencing factors not true; on count 1, the jury was unable to reach a unanimous verdict, and the prosecutor dismissed those allegations.

On December 19, 2023, the trial court sentenced defendant to the lower term of two years on count 1, and a consecutive term of four years for the attached enhancement; the court imposed a concurrent mitigated term of two years on count 2.

## DISCUSSION

The sole claim defendant raises on appeal is for remand so the trial court may reconsider pretrial diversion in light of the amendments to section 1001.36 effective January 1, 2023.  The People argue that because defendant could have raised this issue with the trial court between January 1, 2023, and her trial on September 26, 2023, but failed to do so, the claim has been forfeited.

## I.    Mental Health Diversion

In 2018, the Legislature enacted section 1001.36, which authorizes pretrial diversion "[o]n an accusatory pleading" for defendants with qualifying mental health disorders that were a significant factor in the commission of the charged offense.  (Stats. 2018, ch. 34, § 24; § 1001.36, subds. (a)–(b).)  "The primary purposes of the legislation are to keep people with mental disorders from entering and reentering the criminal justice system while protecting public safety, to give counties discretion in developing and

4.

implementing diversion across a continuum of care settings, and to provide mental health rehabilitative services.  [Citation.]  Diversion can be 'viewed as a specialized form of probation, … [that] is intended to offer a second chance to offenders who are minimally involved in crime and maximally motivated to reform .…'"  (*People v. Qualkinbush* (2022) 79 Cal.App.5th 879, 886.)

"As originally enacted, section 1001.36 provided that a trial court may grant pretrial diversion if it finds all of the following:  (1) the defendant suffers from a qualifying mental disorder; (2) the disorder played a significant role in the commission of the charged offense; (3) the defendant's symptoms will respond to mental health treatment; (4) the defendant consents to diversion and waives his or her speedy trial right; (5) the defendant agrees to comply with treatment; and (6) the defendant will not pose an unreasonable risk of danger to public safety if treated in the community."  *People v. Frahs* (2020) 9 Cal.5th 618, 626–627 (*Frahs*), citing § 1001.36, former subd. (b)(1)–(6).)  "The statute was later amended to specify that defendants charged with certain crimes, such as murder and rape, were ineligible for diversion."  (*People v. Doran* (2023) 95 Cal.App.5th 1, 8 (*Doron*), citing *Frahs, supra*, at p. 627; see Stats 2018, ch. 1005, § 1.)

"This version of the statute only required that the court be 'satisfied' the defendant's mental disorder was a significant factor and provided the court could make such a conclusion based on 'any relevant and credible evidence,' including police reports, preliminary hearing transcripts, statements by defendant's mental health provider, and other medical records."  (*Doron, supra*, 95 Cal.App.5th at p. 8, citing § 1001.36, former subd. (b)(1)(B).)  Once a defendant made a prima facie showing that he or she met all of the threshold eligibility criteria and was suitable for diversion; and the trial court was satisfied that the recommended program of mental health treatment would meet the specialized mental health treatment needs of the defendant, then the court had the discretion to grant pretrial diversion.  (*Frahs, supra*, 9 Cal.5th at p. 627.)

In 2023, the Legislature amended section 1001.36 to "'simplify the procedural process for obtaining diversion by presuming that a defendant's diagnosed "mental disorder" has a connection to their offense' and to permit the court to deny diversion if the People rebutted the presumption." (*Doron, supra*, 95 Cal.App.5th at p. 8, citing Assem. Com. on Public Safety, Rep. on Sen. Bill No. 1223 (2021–2022 Reg. Sess), as amended June 23, 2022, p. 6.) The amendment recharacterized the first two requirements as eligibility criteria that no longer turn on findings to the court's satisfaction. Instead, the amended statute now provides that defendants are generally eligible for pretrial diversion if they "ha[ve] been diagnosed" with a recognized mental health disorder. (§ 1001.36, subd. (b)(1).) The amended statute creates a presumption the defendant's diagnosed mental disorder was a significant factor in the commission of the charged crime. Under this presumption, the trial court is required to find a causal connection between the diagnosed mental disorder and the commission of the charged crime "unless there is clear and convincing evidence that [the mental disorder] was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense." (*Id.*, subd. (b)(2).)

Once a trial court assesses the defendant's eligibility, the remaining four criteria relate to the defendant's suitability for diversion. A defendant is suitable for pretrial diversion if all of the following criteria are met: (1) in the opinion of a qualified mental health expert, the defendant's symptoms of the mental disorder causing, contributing to, or motivating the criminal behavior would respond to mental health treatment; (2) the defendant consents to diversion and waives the defendant's right to a speedy trial (subject to certain exceptions); (3) the defendant agrees to comply with treatment as a condition of diversion (subject to certain exceptions); and (4) the defendant will not pose an unreasonable risk of danger to public safety. (§ 1001.36, subd. (c)(1)–(4).) An unreasonable risk to public safety means a likelihood the defendant will commit a certain subset of violent felonies. (*People v. Williams* (2021) 63 Cal.App.5th 990, 1001.)

6.

Assuming the defendant meets the eligibility and suitability criteria, the trial court must also be satisfied the recommended program of mental health treatment will meet the specialized needs of the defendant. (§ 1001.36, subd. (f)(1)(A)(i).) "Finally, even where defendants make a prima facie showing that they meet all the express statutory requirements, the court may still exercise its discretion to deny diversion. [Citations.] But this 'residual' discretion must be exercised '"consistent with the principles and purpose of the governing law."' [Citations.] That purpose includes a strong legislative preference for treatment of mental health disorders because of the benefits of such treatment to both the offending individual and the community. Where the court chooses to exercise this residual discretion to deny diversion, its statement of reasons should reflect consideration of the underlying purposes of the statute and explain why diversion would not meet those goals." (*Sarmiento v. Superior Court* (2024) 98 Cal.App.5th 882, 892–893.)

The 2023 amendments to section 1001.36 have been deemed ameliorative and apply retroactively. (*Doron, supra*, 95 Cal.App.5th at pp. 6–7; *People v. Brown* (2024) 101 Cal.App.5th 113, 125.)

## II.    Analysis

Defendant timely sought diversion in 2019, which was denied, and the matter was eventually brought to trial on September 26, 2023. Defendant's sole contention on appeal is that she is entitled to renewed consideration of diversion under the 2023 amendments to section 1001.36. The People maintain she has forfeited her claim to renewed pretrial diversion consideration by failing to make the request to the trial court in the first instance.

"A defendant may forfeit a right in a criminal case by failing to timely assert the right before the tribunal with jurisdiction to determine it." (*People v. Brown, supra*, 101 Cal.App.5th at p. 126, citing *People v. Trujillo* (2015) 60 Cal.4th 850, 856.) "The forfeiture doctrine is a 'well-established procedural principle that, with certain

7.

exceptions, an appellate court will not consider claims of error that could have been—but were not—raised in the trial court. [Citation.]' [Citations.] Strong policy reasons support this rule: 'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided. [Citations.]' [Citation.] '""'The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal.'"'"'" (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) "'[D]iscretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue.'" (*In re Sheena K.* (2007) 40 Cal.4th 875, 887–888, fn. 7.)

Absent a change in the law that applies retroactively, which could not be timely raised in the trial court (e.g., *Frahs, supra*, 9 Cal.5th at p. 640), or an extenuating circumstance such as futility (e.g., *People v. Perez* (2020) 9 Cal.5th 1, 7–8), the policy reasons underlying the forfeiture doctrine support its application where a defendant, as here, remains silent during pretrial proceedings and then seeks to obtain appellate relief based on changes in the law that could have been, but were not, timely brought to the trial court's attention.

In this case, the relevant amendments to section 1001.36 became effective on January 1, 2023, approximately nine months before defendant's trial began on September 26, 2023. There was ample opportunity for defendant to seek renewed consideration for pretrial mental health diversion under the amended statute. Defendant argues a trial date had already been set by January 1, 2023, and the parties had moved past pretrial proceedings. But pretrial diversion is defined to mean "postponement of prosecution … at any point in the judicial process from the point at which the accused is charged until adjudication .…" (*Id.*, subd. (f)(1).) The parties did not confirm trial

8.

readiness until September 14, 2023, and the trial did not commence until September 26, 2023. The case was not adjudicated within the meaning of section 1001.36, subdivision (f)(1), until the attachment of jeopardy at trial. (*People v. Braden* (2023) 14 Cal.5th 791, 819.)

Defendant points out the first published decision concluding the amendments to section 1001.36 were retroactive was *Doron*, which was not published until August 31, 2023, only a few weeks before the trial.[5] "Reviewing courts have traditionally excused parties for failing to raise an issue at trial where an objection would have been futile or wholly unsupported by substantive law then in existence." (*People v. Welch* (1993) 5 Cal.4th 228, 237; accord, *People v. Gomez* (2018) 6 Cal.5th 243, 286–287.) We are unpersuaded that the potential retroactivity of section 1001.36's amendments could be viewed as wholly unsupported by substantive law until *Doron*.

Changes to our state's criminal laws have come at a feverish pace since 2018, and whether those changes have retroactive effect has been an issue repeatedly considered by our Supreme Court well before *Doron*, including the original enactment of this statute as considered in *Frahs*. (See, e.g., *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 309 [changes in the law under Prop. 57[6] presumptively retroactive under *In re Estrada* (1965) 63 Cal.2d 740]; *Frahs, supra*, 9 Cal.5th at p. 624 [§ 1001.36 applies retroactively to nonfinal cases]; *People v. Prudholme* (2023) 14 Cal.5th 961, 969 [Assem. Bill No. 1950 (2019–2020 Reg. Sess.) is an ameliorative statute that may be applied retroactively under *Estrada*].) The *potential* for retroactive application of section 1001.36's amendments was well understood, and was amply supported in the substantive law, upon enactment in 2022 and when they became effective January 1,

---

**5**     The original opinion in *Doron* was issued on August 9, 2023, and was ordered published on August 31, 2023.

**6**     In November 2016, the electorate passed Proposition 57, the Public Safety and Rehabilitation Act of 2016.

2023 (see Stats. 2022, ch. 735, § 1); there is no reason why a request to reconsider defendant's petition for pretrial mental health diversion could not have been made between January 1, 2023, and September 26, 2023. Even after *Doron* was published on August 31, 2023, defendant had several more weeks before her trial to seek reconsideration of the trial court's diversion ruling pursuant to section 1001.36's amendments, but failed to do so. (Cal. Rules of Court, rule 8.1115(d) ["A published California opinion may be cited or relied on as soon as it is certified for publication or ordered published."]; see generally *People v. Braden, supra*, 14 Cal.5th at p. 819 [in the general course, a request for diversion must be made before attachment of jeopardy at trial or the entry of a guilty or no contest plea, whichever occurs first].)

Unlike ameliorative legislation that becomes effective *after* the defendant has a fair opportunity to seek its application in the trial court, here defendant had nine months to ask the court to reconsider her request for pretrial mental health diversion under the amended statute. Inasmuch as the trial court has no sua sponte duty to consider pretrial mental health diversion (*People v. Braden, supra*, 14 Cal.5th at p. 814), it was incumbent on defendant to timely raise the issue of diversion under the amended statute with the trial court.

**DISPOSITION**

The judgment is affirmed.

                                                                MEEHAN, J.

WE CONCUR:


LEVY, Acting P. J.


DeSANTOS, J.

11.